UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JORGE ALVAREZ-LOPEZ,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY et al.,<br>       Defendants. | Case No. 25-13098<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Moris |

**OPINION AND ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1)**

## I. Introduction

Petitioner Jorge Alvarez-Lopez ("Alvarez-Lopez" or "Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained by the Respondents at a detention center in the Eastern District of Michigan in violation of his Due Process rights and the Immigration and Nationality Act ("INA"). *See generally,* ECF No. 1.

Respondents, who include the U.S. Department of Homeland Security, Secretary of the United States Department of Homeland Security ("DHS"), Kristi Noem ("Noem"), United States Attorney General, Pamela

Page **1** of **16**

Bondi ("Bondi"), the Executive Office of Immigration Review ("EOIR"), and Immigration and Customs Enforcement ("ICE") Detroit Field Office Director, Kevin Raycraft ("Raycraft"), argue that Petitioner's detention is not unlawful under the INA, specifically 8 U.S.C. § 1225(b)(2), and does not violate his Due Process rights. Respondents also urge the Court to refrain from deciding the merits of the petition until Alvarez-Lopez administratively exhausts his claims and to dismiss all Respondents other than Raycraft. *See generally*, ECF No. 4.

The Court has reviewed the parties' filings and is satisfied that the issues have been adequately briefed thereby making a hearing unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court grants Alvarez-Lopez's petition and orders Respondents to provide him with a bond redetermination hearing within seven (7) days of this Order or otherwise release him.

**II.    Background**

Petitioner is a citizen of Mexico who came to the United States in 2014. ECF No. 1.[1] He is a long-term resident of Michigan, the father and

---

[1] Except where otherwise noted, Alverez-Lopez's petition is the source of these facts. *See* ECF No. 1.

caretaker to U.S. citizen children, and he has continuously worked and lived in the United States since 2014. Petitioner was arrested during an "ICE-initiated stop and subsequently placed into immigration custody and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (entry without inspection)." *Id.* at PageID.2.

Alverez-Lopez is currently detained, and on or about September 10, 2025, an Immigration Judge declined jurisdiction and determined he is ineligible for a bond hearing and subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). He filed the instant petition seeking a writ of habeas corpus "ordering his immediate release unless Respondents provide him a bond hearing under 8 U.S.C. § 1226(a) within seven days; a declaration that § 1226(a) governs his detention; a permanent injunction barring enforcement of the new policy as to him; and attorneys' fees and other appropriate relief." *Id.* at PageID.4.

### III.   Discussion

**A. Legal Standard**

Habeas relief may be granted when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal district courts are limited in their relief under §

2241 when considering immigration cases. *Morales Chavez v. Director of Detroit Field Office*, 2025 WL 2959617, at *3 (N.D. Ohio Oct. 20, 2025). Although district courts may not grant habeas relief as to the underlying immigration question, i.e., whether removal is proper, district courts may review whether an alien is lawfully detained; the Attorney General and DHS immigration authority does not abrogate § 2241's authority to grant the writ within these bounds. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (describing habeas corpus as the appropriate remedy to determine the legality of a person's custody). As noted above, Petitioner asserts that his detention pending the resolution of his removal proceedings violates the INA and his Due Process rights.

### B. Administrative Exhaustion

First, Respondents argue that the Court should require Alvarez-Lopez to exhaust his administrative remedies before he is permitted to proceed with his habeas petition.

No applicable statute or rule requires administrative exhaustion here. *See Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *4, ___ F. Supp. 3d ___ (E.D. Mich. Aug. 29, 2025). When Congress has not mandated exhaustion, the decision to require it is within the sound discretion of the

court. *See Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013). Known as prudential exhaustion, the court-made doctrine "must comport with the statutory scheme and congressional intent." *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (citing *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 747 (6th Cir. 2019) and *Shearson*, 725 F.3d at 593-94).

Courts may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Lopez-Campos*, 2025 WL 2496379, at *4. But, even if prudential exhaustion would otherwise apply, courts may waive such exhaustion if the "pursuit of administrative remedies would be a futile gesture" or if the petition presents a "legal question…fit for resolution and delay means hardship." *Shearson*, 725 F.3d at 594; *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).

"The Sixth Circuit has not decided whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition

for unlawful mandatory detention." *Pizarro Reyes*, 2025 WL 2609425, at *3. (citing *Hernandez v. U.S. Dep't of Homeland Sec.*, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025)). Consequently, courts within the circuit are split. Compare *id.*; *Lopez-Campos*, 2025 WL 2496379, at *4-5; *Sanchez Alvarez*, 2025 WL 2942648, at *3; and *Mejia v. Woosley*, 2025 WL 2933852, at *2-3 (W.D. Ky. Oct. 15, 2025) (declining to enforce or excusing petitioners from prudential exhaustion) to *Laguna Espinoza v. Dir. of Detroit Field Off., U.S. Immigr. & Customs Enf't*, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025); *Hernandez*, 2025 WL244114, at *8-10; and *Villata v. Greene*, 2025 WL 2472886, at *2 (N.D. Ohio Aug. 5, 2025) (imposing prudential exhaustion requirements).

The Court agrees with the majority of the district courts in this circuit and around the nation in deciding not to enforce an exhaustion of administrative remedies requirement for these petitions. *See Casio-Mejia v. Raycraft*, 2025 WL 2976737, at *5 (E.D. Mich. Oct. 21, 2025) (collecting cases). To start, all three of the factors the Court is to consider weigh against imposing prudential exhaustion. First, the issues raised by the habeas petition are purely legal questions and do not require the agency to develop a record. *See Contreras-Cervantes v. Raycraft*, 2025 WL 2952796,

at *5 (E.D. Mich. Oct. 17, 2025). Further, a bond appeal to the Board of Immigration Appeals ("BIA") is not required for Petitioner's Due Process claim because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzalez*, 439 F.3d 273, 279 (6th Cir. 2006). Finally, the BIA has conclusively rejected Petitioner's argument, precedentially deciding[2] that a noncitizen who has been present in the United States for a period of years or decades without inspection or authorization is an "applicant for admission" under § 1225(a)(1) and thus subject to mandatory detention during removal proceedings under that section. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (2025); *see also Casio-Mejia*, 2025 WL 2976737, at *4 (noting that *Yajure Hurtado* is binding on DHS and immigration courts, but not on district courts). Accordingly, Alvarez-Lopez is unlikely to obtain the relief he seeks through the administrative process, and any appeal of bond determination to the BIA will not preclude but merely delay the need for judicial review. Because administrative review in this instance would be futile, and because every additional day in unlawful detention presents a hardship for Petitioner, the Court declines to impose

---

[2] The BIA may designate a decision as precedential, meaning that it will control in "all proceedings involving the same issue or issues." 8 C.F.R. 1003.1(g)(2).

an exhaustion requirement upon Alvarez-Lopez and will address the merits of his petition. *See Lopez-Campos*, 2025 WL 2496379, at *5.

### C. Applicable INA Provision

Under the general provisions of the INA, an "alien who arrives at a 'port of entry,' i.e., a place where an alien may lawfully enter, must apply for admission." *Thuraissigiam*, 591 U.S. at 108. Aliens who are detained trying to enter elsewhere are treated similarly. *Id*. (citing 8 U.S.C. §§ 1225(a)(1), (3)). However, "several classes of aliens are 'inadmissible' and therefore 'removable.'" *Id*. at 107-08 (2020) (quoting 8 U.S.C. §§ 1182, 1229a(e)(2)(A)).

The removal process provides for an evidentiary hearing before an immigration judge, where the alien may challenge their removal, including applying for asylum. *Id.* (internal citations omitted). Should their challenge be rejected, the alien may appeal the removal order to the BIA and may also be entitled to review in a federal court of appeals. *Id*. While his removal proceedings are being litigated, the alien will generally be detained. *Id*. However, the classification of the alien determines whether that detention is mandatory or discretionary. *Compare* 8 U.S.C. § 1225(b)(2)(A) *with* § 1226(a).

The interplay of these statutes, which both govern detention of noncitizens pending removal proceedings, controls the outcome of the petition before the Court. § 1225 governs the expedited removal process and requires mandatory detention under its provisions, while § 1226 permits discretionary release from detention for certain aliens. *Morales Chavez*, 2025 WL 29596, at *3. Respondents contend that § 1225(b)(2) applies to Petitioner, thereby subjecting him to mandatory detention. ECF No.4. Alvarez-Lopez, however, maintains that § 1226(a), not § 1225(b)(2), governs his removal proceedings and he is thus entitled to a bond determination hearing. ECF No. 1.

§ 1225, titled: "Inspection by immigration officers; expedited removal of inadmissible *arriving* aliens; referral for hearing," provides that, upon *arrival*, all applicants for admission must undergo screening by an examining immigration officer, and if it is determined that the applicant for admission "is not clearly and beyond a doubt entitled to be admitted," the applicant "*shall* be detained for" standard removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). § 1226, titled: "Apprehension and detention of aliens," provides for a discretionary detention framework, and states, in relevant part: an alien may be arrested and detained pending a

decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the arrested alien may remain detained or may be released on bond. 8 U.S.C. § 1226(a). Subsection (c) of § 1226 prohibits noncitizens who have been charged with, arrested for, convicted of, or have admitted to committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person from being released on bond. 8 U.S.C. § 1226(c). Relevant here, noncitizens arrested and detained under § 1226 have a right to request a custody redetermination (i.e., a bond hearing) before an Immigration Judge. *Santos Franco v. Raycraft*, 2025 WL 2977118, at *4 (E.D. Mich. Oct. 21, 2025) (citing 8 C.F.R. §§ 1236.1(c)(8), (d)(1)).

Alvarez-Lopez contends that his continued detention is unlawful because he was not released or provided with a bond hearing as required by § 1226(a). Respondents argue that § 1226(a) does not apply, and that he is lawfully detained under § 1225(b)(2). As more than 45 district courts have decided in "reviewing the statutory text, statutory history, congressional intent, and statutory application for the last three decades,"

Alvarez-Lopez's detention is governed by § 1226(a). *Jimenez Garcia v. Raybon*, 2025 WL 2976950, at *4 (E.D. Mich. Oct. 21, 2025) (cleaned up) (collecting cases).

This multitude of district courts has explained "that § 1225(b)(2) applies to arriving aliens undergoing inspection, which generally occurs at the United States' border or ports of entry, when they are seeking lawful entry into the United States." *Sanchez Alvarez*, 2025 WL 2942648, at *5. In contrast, § 1226(a) applies to a noncitizen already residing within the United States when apprehended and arrested. *Jiminez Garcia*, 2025 WL 2976950, at *4 (quoting *Lopez-Campos*, 2025 WL 2496379, at *8).

This Court agrees with the majority viewpoint in finding that § 1226(a), not § 1225(b)(2), applies to noncitizens in Alvarez-Lopez's situation. Neither DHS's decision to upend 30 years of reasoned statutory interpretation, the BIA's precedential decision sustaining the DHS about-face, nor the fractional minority of district court cases finding § 1225(b)(2) applicable to noncitizens like Petitioner persuade the Court otherwise.[3]

---

[3] Only eight of the more than 200 courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner. *See Valencia v. Chestnut*, 2025 WL 3205133, ___ F. Supp. 3d ___ (E.D. Cal. Nov. 17, 2025); *Cabanas v. Bondi*, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Altamirano Ramos v. Lyons*, 2025 WL 3199872, ___

As previously noted, BIA decisions are not binding on the Court. Nor is the Court bound by the aberrant holdings of the handful of outlying cases concluding that § 1225(b)(2) applies rather that § 1226(a). These cases, from out-of-circuit district courts, conflict with the daily-growing number of decisions from this district and district courts nationwide.[4]

Alvarez-Lopez has resided in the United States for over ten years and was apprehended during an "ICE-initiated stop," not upon arrival at the

---

F. Supp. 3d ___ (C.D. Cal. Nov. 12, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Barrios Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Cirrus Rojas v. Olson*, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); *Chavez v. Noem*, 2025 WL 2730228, ___ F. Supp. 3d ___ (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sep. 20, 2025).

[4] The list of the cases finding § 1226 as the applicable statute is too long to include. Instead, the Court notes that, as of this date, there are 20 such decisions from this district alone. *See, e.g., Lopez-Campos v. Raycraft*, 2025 WL 2496379, ___ F.3d ___ (E.D. Mich. Aug. 29, 2025) (McMillion, J.); *Pizarro Reyes v. Raycraft*, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025) (White, J.); *Jiminez Garcia v. Raybon*, 2025 WL 2976590 (E.D. Mich. Oct. 21, 2025) (DeClercq, J.); *Contreas-Lomeli v. Raycraft*, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025) (Ludington, J.); *Gimenez Gonalez v. Raycraft*, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025) (Kumar, J.); *Morales-Martinez v. Raycraft*, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025) (Behm, J.); *Gonzalez v. Raycraft*, 2025 WL 3218242 (E.D. Mich. Nov. 17, 2025) (Michelson, J.); *Diego v. Raycraft*, 2025 WL 3159106 (E.D. Nov. 12, 2025) (Levy, J.); *Hurtado-Medina v. Raycraft*, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025) (Leitman, J.); *Lopez Herrera v. Raycraft*, 2025 WL 3473358 (E.D. Mich. Dec. 3, 2025) (Parker, J.).

border or a port of entry. Thus, under § 1226(a), Petitioner is entitled to a discretionary bond determination hearing. And because Alvarez-Lopez has been detained without having received a hearing for bond redetermination, he is in federal custody in violation of federal law. Thus, his habeas petition will be granted, and Respondents will be directed to provide Alvarez-Lopez with a bond redetermination hearing under § 1226(a) on or before December 11, 2025, or otherwise release him.

### D. Due Process Claim

Given that this Court is granting the relief Petitioner requests based on its interpretation of the applicability of § 1226(a), the Court will decline to decide the merits of Alvarez-Lopez's Due Process claim. *See Pizarro Reyes*, 2025 WL 2609425, at *8. If Respondents do not provide Alvarez-Lopez with a bond determination hearing or release him by December 11, 2025, he may renew his Due Process claim under the Fifth Amendment.

### E. Proper Respondents

Finally, Respondents contend that only Petitioner's immediate custodian, Raycraft, is a proper respondent in this habeas case. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Indeed, the Sixth Circuit concluded in *Roman* that "the immediate custodian rule generally

applies to alien habeas corpus petitioners." 340 F.3d at 322. ICE maintains multiple regional field offices to oversee the day-to-day operations of its enforcement and detention apparatus. *See* https://perma.cc/6EPY-QUKB. The Detroit Field Office is responsible for enforcement operations and detention in Michigan and Ohio. *See id*. As such, the Court agrees that Raycraft is a proper respondent.

    This does not mean that the remaining individuals and entities are not also properly named. *Lopez Herrera v. Raycraft*, 2025 WL 3473358, at *2 (E.D. Mich. Dec. 3, 2025); *see also Roman*, 340 F.3d at 325 (noting possible exceptions to the immediate custodian rule in order to preserve the petitioner's right to relief). Petitioner is being detained under a new ICE directive, issued in coordination with the Department of Justice, instructing that § 1225(b), rather than § 1226(a), applies to all illegal immigrants except those admitted to the United States and chargeable with deportability under 8 U.S.C. § 1227. *See* https://perma.cc/6JUM-ZNRJ. Petitioner is not seeking only his immediate release or a bond hearing in this action, but also asks the Court to declare that § 1226(a), rather than § 1225(b)(2)(A), is the appropriate statutory provision governing the detention of noncitizens like him—i.e., aliens who were detained not at the

border or a port of entry seeking admission to the United States but apprehended and charged as inadmissible after residing in the country for years or even decades. *See Lopez Herrera*, 2025 WL 3473358, at *2. Attorney General Bondi, through the Department of Justice, is responsible for the directive at issue, the implementation and enforcement of the INA (including the detention and removal of noncitizens), and the immigration court system where Petitioner is being denied a bond hearing. *See id*.

On this basis, the Court will not dismiss Bondi from this action. However, the Court will dismiss Respondents other than Raycraft and Bondi.

## IV. Conclusion

For the reasons discussed, the Court **GRANTS** Alvarez-Lopez's petition for habeas relief. ECF No. 1. To that end, the Court **ORDERS**:

1. Respondents to provide Alvarez-Lopez with a bond hearing under § 1226(a) on or before **December 16, 2025**, or otherwise release him; and

2. Respondent Raycraft to file a status report to certify compliance with this order on or before **December 19, 2025**. The status report

shall detail when Alvarez-Lopez was released or when his bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

The Court further **ORDERS** that Respondents Raycraft and Bondi will remain respondents in this action, but all other Respondents are **DISMISSED**. The Court **DENIES** Alvarez-Lopez's request for attorney fees and costs.

**IT IS SO ORDERED.**

Dated: December 9, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge